**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Luis Visalden**<br>**1170 Hansen Place**<br>**Polk City, Iowa 50226**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Robert M. Speer**<br>**Acting Secretary of the Army**<br>**101 Army Pentagon**<br>**Washington, DC 20310-0101**<br><br>**Defendant.** | **Case Number 1:17-cv-1077** |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
**TO OBTAIN FREEDOM OF INFORMATION ACT INFORMATION**

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records pertaining to Plaintiff, Luis Visalden, improperly withheld from him by the Department of the Army and several of its major components: the U.S. Army Criminal Investigation Command (USACIDC), the Army's Human Resources Command, its Office of the Inspector General, and the U.S. Army Reserve Command.

**Jurisdiction and Venue**

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. 1331. Venue lies in the district under 5 U.S.C. 552(a)(4)(B).

## Parties

3. Plaintiff is a U.S. Citizen and a resident of Polk City, Iowa.

4. Defendant Department of the Army is a Department of the Executive Branch of the United States Government. The U.S. Army Criminal Investigation Command, the Army Human Resources Command, the U.S. Army Office of the Inspector General, and the Army's Reserve Command are agencies within the meaning of 5 U.S.C. 552(f).

## Facts

**FOIA matter FA17-1639 / FA17-2427:**

5. By letter dated July 4, 2016, and addressed to USACIDC, Plaintiff Visalden requested copies of records pertaining to the Record of Investigation (ROI). These requests for documents included all documents related to and pertaining to: (1) the closed investigation referenced in the 17 October 2016 letter from USACIDC; (2) the Law Enforcement Report 00108-2012-CID193-088027 referenced in the 17 October 2016 letter to Plaintiff; (3) any documents associated with the evaluation conducted by the Standards of Conduct Office; (4) all documents associated with the review conducted by USACIDC regarding Plaintiff's Article 138 complaint; and (5) a copy of the findings and any related matters that resulted from the independent review and subsequent concurrence of the Army Judge Advocate.

6. By letter dated March 7, 2017, Plaintiff requested compliance with his original FOIA request. Plaintiff requested such compliance by March 30, 2017.

7. By letter dated March 13, 2017, USACIDC advised Plaintiff that his FOIA request had been received and assigned number FA17-1639. USACIDC partially denied the request, stating

that the Military Police Reports 1988-MPC063-5324K-5C and Law Enforcement Report 2012-CID193-88027-8C were exempt from disclosure pursuant to 5 U.S.C. 552 exemption (b)(6) and (b)(7)( C) because release would violate the personal privacy of other individuals mentioned in the report. USACIDC also advised that further inquires about the independent review and the concurrence of the Army Judge Advocate should be addressed to another office. However, despite the Defendant only partially denying Mr. Visalden's request, no documents were released to him pursuant to it.

8. By letter dated March 29, 2017, Plaintiff appealed this partial denial.

9. By letter dated, April 17, 2017, USACIDC acknowledged Plaintiff's FOIA appeal. The appeal has been forwarded to the Office of the Secretary of the Army's Office of General Counsel. The request was assigned a new control number: FA17-2427. The original control number was FA17-1639.

10. By letter dated, May 2, 2016 (it is believed this letter was accidently dated incorrectly and should be 2017), the Department of the Army's Office of the General Counsel acknowledged receipt of Plaintiff's appeal.

11. More than 20 days have passed since Plaintiff's appeal was received. Thus, under 5 U.S.C. 552(a)(6)(A) and ( C), Plaintiff has exhausted the applicable administrative remedies with respect to his FOIA request.

**<u>FOIA matter FA16-1440</u>:**

12. By letter dated, June 27, 2016, Plaintiff sent a FOIA request to the Department of the Army requesting copies of the IG complaints filed by Plaintiff from 2013-2015 and all associated investigations and documents.

13. By letter dated, July 6, 2016, the Army assigned the request number FA 16-1440. The request was referred to the Office of the Inspector General and the United States Army Reserve Command, who are responsible for maintaining the requested documents.

14. By letter dated March 7, 2017, Plaintiff requested compliance with his original FOIA request. Plaintiff requested such compliance by or before March 30, 2017.

15. More than 20 days have passed since Plaintiff's FOIA request was received. Neither the Army's Office of Inspector General nor the Army Reserve Command have replied to Plaintiff's request. Their non-response is considered a denial. Thus, under 5 U.S.C. 552(a)(6)(A) and ( C), Plaintiff has exhausted the applicable administrative remedies with respect to his FOIA request.

**FOIA matters FP-17-012829 and FA-17-1474:**

16. By letter dated, May 12, 2015, Plaintiff requested, pursuant to the Freedom of Information Act, the audio recordings and all documents and exhibits presented at his Separation Board proceedings. This request was sent to the 103rd ESC (Sustainment Command, Expeditionary).

17. By letter dated May 14, 2015, Plaintiff submitted another request, pursuant to the Freedom of Information Act, requesting the audio recordings and all documents and exhibits presented at his Separation Board proceedings. This request was sent up to the 377th TSC (Theater Sustainment Command) as Plaintiff was informed that the 103rd ESC did not have its own FOIA / Privacy Act representative.

18. With an eMail dated May 14, 2015, to Ms. Glenda Cain of the 377th TSC, Plaintiff reiterated his request pursuant to the Freedom of Information Act.

19. With a letter dated March 7, 2017, Plaintiff requested an update on his original FOIA request in May 2015.

20. In an eMail dated March 14, 2017, the Army's Human Resources Command acknowledged receipt of Plaintiff's FOIA request. This eMail states that Plaintiff's FOIA request was that of his status update request on March 7, 2017; however, this is incorrect — Plaintiff's FOIA request was originally May 12, 2015.

21. No matter which date is used, more than 20 days have passed since Plaintiff's FOIA request was received. Non-response is considered a denial. Thus, under 5 U.S.C. 552(a)(6)(A) and ( C), Plaintiff has exhausted the applicable administrative remedies with respect to his FOIA request.

**Conclusion**

22. Under 5 U.S.C. 552(a)(3)(A), Plaintiff has the right of prompt access to the documents requested in these three FOIA requests. The Department of the Army and its components have wrongfully withheld the sought-after documents.

**Relief Requested**

Wherefore, Plaintiff prays that this Court:

A. Order Defendant to disclose the requested records in their entirety — and make copies available to Plaintiff.

B. Provide for expeditious proceedings in this action.

C. Award Plaintiff his costs and reasonable attorneys fees incurred in this action.

D. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

**KLIMASKI & ASSOCIATES, P.C.**

June 6, 2017

*/s/ James R. Klimaski*

James R. Klimaski, #243543

John P. Racin, #942003
Elizabeth M. Rekowski, #1044122
Klimaski & Associates, P.C.
1717 N Street NW – Suite 2
Washington, DC 20036-2827
202-296-5600 Fax 202-296-5601
Klimaski@Klimaskilaw.com

***Attorneys for Plaintiff Luis Visalden***